Judge Hellerstein

08 CV 3716

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK

------------------------------------------------------------x
LUCIAN BEBCHUK,

        Plaintiff,

-v.-                                    Civ. _____

ELECTRONIC ARTS, INCORPORATED

        Defendant.
------------------------------------------------------------x

APR 18 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Lucian Bebchuk ("Bebchuk" or "Plaintiff"), by his undersigned counsel, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for a declaratory judgment and injunctive relief to vindicate his rights as a shareholder of Electronic Arts, Incorporated ("EA" or the "Company") to have EA include with its proxy materials a shareholder proposal submitted by Plaintiff (the "Proposal") that EA wrongfully intends to exclude when it issues its 2008 proxy materials in violation of Section 14a of the Securities and Exchange Act (the "Exchange Act") and Rule 14a-8 promulgated thereunder.

2. The Proposal is precatory and requests that the board of directors of EA (the "Board") submit to a shareholder vote an amendment to the Company's certificate of incorporation or bylaws ("Suggested Amendment") that, if approved, would require the Company to include in its annual proxy materials proposals submitted by large shareholders that meet certain procedural and substantive requirements.

## JURISDICTION AND VENUE

3. The claim asserted herein arises under and pursuant to Section 14(a) of the Securities and Exchange Act, 15 U.S.C. §78n, and Rule 14a-8, 17 C.F.R. § 240.14a-8, promulgated thereunder.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. §78aa.

5. The Court has personal jurisdiction because EA solicits proxies in this District. Furthermore, EA maintains a continuous and systematic presence in this District by, *inter alia*, marketing and selling EA products in the District.

6. Venue is proper in this District pursuant to Section 27 of the Exchange Act because Defendant transacts business in the state and under 28 U.S.C. §1391(b) because Defendant "resides" in the District.

7. In connection with the acts alleged in this complaint, Defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the mails and interstate telephone communications.

## THE PARTIES

8. Plaintiff Lucian Bebchuk is the William J. Friedman and Alicia Townsend Friedman Professor of Law, Economics, and Finance and Director of the Program on Corporate Governance at Harvard Law School. He has owned 60 shares of Electronic Arts continuously for over one year and is a resident of Cambridge, MA.

9. EA is a Delaware corporation and maintains its corporate headquarters at Redwood City, CA.

2

## BACKGROUND

### A. The Regulatory Scheme

10. Section 14(a) of the Securities Exchange Act of 1934 (the "1934 Act") renders unlawful the solicitation of proxies in violation of the SEC's rules and regulations, which are codified at 17 C.F.R. § 240.14a-1 *et seq.*

11. SEC rules promulgated under the 1934 Act contain a so called "town hall meeting" provision, which grants shareholders a federal law right to have proposals included in corporate proxy materials. *See* Rule 14a-8, 17 C.F.R. § 240.14a-8. Under the town hall meeting rule, if a shareholder proposal meets certain requirements, a company *must* include the shareholder's proposal in the company's proxy statement. 17 C.F.R. ¶ 240.14(a)(m).

12. Rule 14a-8(b)(1) requires, among other things, that to be eligible to submit a proposal, the shareholder "must have continuously held at least $2,000 in market value, or 1%, of the company's securities entitled to be voted on the proposal at the meeting for at least one year prior by the date on which [the shareholder] submit[ted] the proposal." 17 C.F.R. § 240.14a-8(b)(1). Procedurally, the rule requires that shareholder proposals be limited to 500 words (17 C.F.R. § 240.14a-8(d)), and must be submitted to the Company no later than 120 days before the publication of the company's proxy statement. 17 C.F.R. § 240.14a-8(e)(2).

13. If a shareholder satisfies the eligibility and procedural requirements, Rule 14a-8 grants shareholders a federal right to require the company to include the shareholder's proposal in the company's proxy materials, *unless* the proposal falls within thirteen specifically enumerated categories for which the company is not required to include the proposal. These categories are listed in Rule 14a-8(i) as follows:

> (1) Improper under state law: If the proposal is not a proper subject for action by shareholders under the laws of the jurisdiction of the company's organization; . . .

3

(2) Violation of law: If the proposal would, if implemented, cause the company to violate any state, federal, or foreign law to which it is subject; . . .

(3) Violation of proxy rules: If the proposal or supporting statement is contrary to any of the Commission's proxy rules, including § 240.14a-9, which prohibits materially false or misleading statements in proxy soliciting materials;

(4) Personal grievance; special interest: If the proposal relates to the redress of a personal claim or grievance against the company or any other person, or if it is designed to result in a benefit to you, or to further a personal interest, which is not shared by the other shareholders at large;

(5) Relevance: If the proposal relates to operations which account for less than 5 percent of the company's total assets at the end of its most recent fiscal year, and for less than 5 percent of its net earnings and gross sales for its most recent fiscal year, and is not otherwise significantly related to the company's business;

(6) Absence of power/authority: If the company would lack the power or authority to implement the proposal;

(7) Management functions: If the proposal deals with a matter relating to the company's ordinary business operations;

(8) Relates to election: If the proposal relates to a nomination or an election for membership on the company's board of directors or analogous governing body or a procedure for such nomination or election;

(9) Conflicts with company's proposal: If the proposal directly conflicts with one of the company's own proposals to be submitted to shareholders at the same meeting;

(10) Substantially implemented: If the company has already substantially implemented the proposal;

(11) Duplication: If the proposal substantially duplicates another proposal previously submitted to the company by another proponent that will be included in the company's proxy materials for the same meeting;

(12) Resubmissions: If the proposal deals with substantially the same subject matter as another proposal or proposals that has or have been previously included in the company's proxy materials within the preceding 5 calendar years, a company may exclude it from its proxy materials for any meeting held within 3 calendar years of the last time it was included if the proposal received:

> (i) Less than 3% of the vote if proposed once within the preceding 5 calendar years;
>
> (ii) Less than 6% of the vote on its last submission to shareholders if proposed twice previously within the preceding 5 calendar years; or
>
> (iii) Less than 10% of the vote on its last submission to shareholders if proposed three times or more previously within the preceding 5 calendar years; and
>
> (13) Specific amount of dividends: If the proposal relates to specific amounts of cash or stock dividends.

14. In other words, if a shareholder satisfies the procedural and eligibility requirements for submitting a shareholder proposal, Rule 14a-8 establishes a federal right for that shareholder to require the company to include in its proxy materials a properly submitted proposal, and a company *cannot* exclude a shareholder's proposal from the company's proxy materials unless the company meets its burden of demonstrating that the proposal falls within one of the thirteen enumerated exclusions to the Rule. If the company fails to meet its burden, the company *must* include the proposal in the company's proxy materials.

**B.    Plaintiffs' Shareholder Proposal**

15. On February 20, 2008, Plaintiff Bebchuk submitted the Proposal to EA.

16. Plaintiff is a shareholder of EA, and meets the eligibility requirements for the submission of shareholder proposals to the Company established by SEC Rule 14a-8(b)(1), 17 C.F.R. § 240.14a-8(b)(1). Specifically, at the time he submitted the Proposal, Plaintiff had "continuously held at least $2,000 in market value, or 1%, of the company's securities entitled to be voted on the proposal at the meeting for at least one year" prior to submitting the Proposal.

17. In submitting the Proposal, Plaintiff complied with the procedural requirements established by SEC Rule 14a-8(d), 17 C.F.R. § 240.14a-8(d), because the Proposal contained fewer than 500 words, and SEC Rule 14a-8(e)(2), 17 C.F.R. § 240.14a-8(e)(2), because the

5

Proposal was submitted to the Company no later than 120 days before the publication of the Company's proxy statement.

18. The Proposal and Supporting Statement stated:

> RESOLVED that stockholders of Electronic Arts, Incorporated recommend that the Board of Directors, to the extent consistent with its fiduciary duties, submit to a stockholder vote an amendment to the Corporation's Certificate of Incorporation or the Corporation's Bylaws that states that the Corporation (1) shall, to the extent permitted by law, submit to a vote of the stockholders at an annual meeting any Qualified Proposal to amend the Corporation's Bylaws; (2) shall, to the extent permitted by law, include any such Qualified Proposal in the Corporation's notice of an annual meeting of the stockholders delivered to stockholders; and (3) shall, to the extent permitted by law, allow stockholders to vote with respect to any such Qualified Proposal on the Corporation's proxy card for an annual meeting of stockholders. "Qualified Proposals" refer in this resolution to proposals satisfying the following requirements:
>
> (a) The proposal was submitted to the Corporation no later than 120 days following the Corporation's preceding annual meeting by one or more stockholders (the "Initiator(s)") that (i) singly or together beneficially owned at the time of submission no less than 5% of the Corporation's outstanding common shares, (ii) represented in writing an intention to hold such shares through the date of the Corporation's annual meeting, and (iii) each beneficially owned continuously for at least one year prior to the submission common shares of the Corporation worth at least $2,000.00;
>
> (b) If adopted, the proposal would effect only an amendment to the Corporation's Bylaws, and would be valid under applicable law;
>
> (c) The proposal is a proper action for stockholders under state law and does not deal with a matter relating to the Corporation's ordinary business operations;
>
> (d) The proposal does not exceed 500 words; and
>
> (e) The Initiator(s) furnished the Corporation within 21 days of the Corporation's request any information that was reasonably requested by the Corporation for determining eligibility of the Initiator(s) to submit a Qualified Proposal or to enable the Corporation to comply with applicable law.

SUPPORTING STATEMENT:

> Statement of Professor Lucian Bebchuk: In my view, when stockholders representing more than 5% of the Corporation's common shares wish to have a vote on a Bylaw amendment proposal satisfying the conditions of a Qualified Proposal, it would be desirable to facilitate such a vote. Current and future SEC rules may in some cases allow companies – but do not currently require them – not to place proposals for Bylaw amendments initiated by stockholders in the Corporation's notice of an annual meeting and proxy card for the meeting. Even stockholders who believe that no changes in the Corporation's Bylaws are currently worth adopting should consider voting for my proposal to express support for facilitating stockholders' ability to decide for themselves whether to adopt Bylaw amendments initiated by stockholders. Note that, if the Board of Directors were to submit the proposed change in the Certificate of Incorporation or Bylaws to a stockholder vote, the change would occur only if the stockholders approve it.
>
> I urge you to vote for this proposal.

19. A letter accompanying the Proposal from Lucian Bebchuk stated as follows:

> I am the owner of 60 shares of common stock of Electronic Arts Incorporated (the "Company"), which I have continuously held for more than 1 year as of today's date. I intend to continue to hold these securities through the date of the Company's 2008 annual meeting of shareholders.
>
> Pursuant to Rule 14a-8, I enclose herewith a shareholder proposal and supporting statement (the "Proposal") for inclusion in the Company's proxy materials and for presentation to a vote of shareholders at the Company's 2008 annual meeting of shareholders.
>
> Please let me know if you would like to discuss the Proposal or if you have any questions.

20. In a letter dated March 3, 2008, Electronic Arts informed Plaintiff that it received the Proposal. In that letter, it also requested that Plaintiff send a letter from the record holder of his EA stock verifying that, at the time the Proposal was submitted, Plaintiff continuously held the stock for at least one year.

21. On March 12, 2008, Plaintiff forwarded a letter to EA from Andrew Kling, Client Service Specialist at Charles Schwab, Plaintiff's broker, stating that as of March 10, 2008,

Bebchuk held 60 shares of EA in an individual Charles Schwab brokerage account and continuously held that stock for more than 15 months prior to March 10, 2008.

22.   On March 26, 2008, EA submitted, through its counsel O'Melveny & Meyers LLP, a letter ("No Action Request") to the staff (the "Staff") of the Division of Corporation Finance of the U.S. Securities Exchange Commission (the "Commission") requesting concurrence of the Staff that the proposal may be excluded from EA's proxy materials for the 2008 Annual Meeting of Stockholders ("2008 Annual Meeting") as well as confirmation that the Staff would not recommend an enforcement action to the Commission if the Company omitted the Proposal from these proxy materials.

**C.   No Action Process**

23.   The Division of Corporation Finance: Staff Legal Bulletin No. 14 ("Legal Bulletin No. 14") describes the No-Action process that EA invoked with its No Action Request:

> Our role begins when we receive a no-action request from a company. In these no-action requests, companies often assert that a proposal is excludable under one or more parts of rule 14a-8. We analyze each of the bases for exclusion that a company asserts, as well as any arguments that the shareholder chooses to set forth, and determine whether we concur in the company's view.

24.   Legal Bulletin No. 14 further states that a No Action Letter from the Staff only reflects the Staff's informal views:

> Our no-action responses only reflect our informal views regarding the application of rule 14a-8. We do not claim to issue "rulings" or "decisions" on proposals that companies indicate they intend to exclude, and our determinations do not and cannot adjudicate the merits of a company's position with respect to a proposal. For example, our decision not to recommend enforcement action does not prohibit a shareholder from pursuing rights that he or she may have against the company in court should management exclude a proposal from the company's proxy materials.

25.   The Staff will not issue a No Action letter when a shareholder pursues his right to include his shareholder proposal in a proxy statement through litigation in the courts. *See* Legal

8

Bulletin No. 14 ("Where the arguments raised in the company's no-action request are before a court of law, our policy is not to comment on those arguments. Accordingly, our no-action response will express no view with respect to the company's intention to exclude the proposal from its proxy materials.").

**D.    The Shareholder Proposal Does Not Violate Rule 14a-8**

26.    Contrary to EA's statements in the No Action Request, the Proposal may not be properly omitted from the Company's Proxy materials in reliance on the provisions of Rule 14a-8. In fact, Rule 14a-8 requires inclusion of the Proposal.

27.    In its No Action Request, EA advanced four arguments that the Proposal may be excluded under Rule 14a-8(i):

   a. The Proposal is "contrary to the proxy rules, particularly rule 14a-8;"

   b. The Proposal somehow "creates a process" that itself justifies the exclusion of the Proposal under "each such subparagraph of paragraph (i);"

   c. The Proposal relates to the Company's "ordinary business" and thus can be excluded under Rule 14a-8(i)(7); and

   d. The Proposal is somehow "vague and indefinite" and therefore can be excluded under Ruler 14a-8(i)(3).

Not one of these arguments has any merit.

28.    First, EA's argument in its No Action Request that "the Proposal may be excluded in reliance on rule 14a-8(i)(3) because it is contrary to the proxy rules, particularly rule 14a-8" is patently incorrect. EA based its argument on the possibility that, if the Suggested Amendment were ultimately adopted, EA might someday be required to include in its proxy materials proposals that it otherwise would have discretion to exclude under 14a-8(i), and that such requirement would be contrary to rule 14a-8. This assertion is wrong because, among other

9

things, it is based on a misunderstanding and misconception of Rule 14a-8 and how it applies to the Proposal.

29. Rule 14a-8, like other provisions of the SEC Rules governing the solicitation of proxies, establishes a mandatory federal *minimum* standard for shareholder proposals that companies are required to include in their proxy materials. It does *not*, however, itself provide any prohibition against any shareholder proposals at all. Whereas Rule 14a-(8)(i) *allows* companies to exclude proposals falling within the thirteen categories enumerated in Rule 14a-(8)(i), Rule 14a-(8)(i) does not *force* companies to omit such proposals nor *prohibit* them from including such proposals. Indeed, a company that chooses to include a proposal that the company otherwise may exclude would not be violating the federal proxy rules. And Rule 14a-8 does not purport to limit or restrict a company's ability to act, consistent with state law, to establish internal rules and guidelines through its own corporate instruments, such as its bylaws and certificate of incorporation, that regulate the extent to which and the ways in which the company would exercise the discretion provided in Rule 14a-8 to determine which proposals to include in its proxy materials.

30. Second, the Proposal is itself precatory and would not, even if approved by the shareholders, effect an amendment to the Company's bylaws or certificate of incorporation. Rather, the Proposal merely urges the Company's Board of Directors to take the necessary steps to amend the Company's bylaws to establish rules that would then govern the Company's ability to exercise the discretion provided to it under Rule 14a-8(i) to exclude certain kinds of shareholder proposals. Thus, EA's suggestion in the No-Action Request that the Proposal can be excluded because it would somehow "create a process" that justifies exclusion of the Proposal under "each such subparagraph of paragraph (i)" is completely misplaced.

10

31.     Third, the Proposal does not relate to EA's "ordinary business" and thus cannot be excluded under Rule 14a-8(i)(7). The Proposal relates not to the Company's "ordinary business" but to the adoption of change in a basic governance document of the Company – the Company's bylaws or its certificate of incorporation – that would apply to the basic governance process of by-law amendments. Indeed, the Proposal itself specifically states that a Qualified Proposal may "not deal with a matter relating to the Corporation's ordinary business operations." Therefore, even if the Suggested Amendment were enacted, EA could *still* exclude shareholder proposals that deal with its ordinary business operations from its proxy materials.

32.     Finally, the Proposal is neither vague nor indefinite, and thus cannot be excluded in reliance of Rule 14a-8(i)(3). EA's first argument, that the Proposal is "vague" because it would somehow eliminate the application of Rule 14a-8 to the Company is frivolous. The Proposal clearly would *not* eliminate the application of Rule 14a-8 to the Company, but, if approved, would merely urge the Company's directors to establish certain rules governing how the Company would exercise the discretion provided to it under the Rule. The Proposal itself is also highly particularized and details exactly the form of guidelines which, if the Proposal is approved, the shareholders would urge the Board to adopt. There is nothing vague or misleading about the Proposal.

### FIRST CLAIM

### VIOLATION OF SECTION 14A OF THE SECURITIES EXCHANGE ACT AND RULE 14A-8 PROMULGATED THEREUNDER AGAINST EA

33.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

34.     The Proposal does not violate the substantive or procedural requirements of Rule

14a-8 and therefore EA is obligated under Rule 14a-8 to include the Proposal in its proxy materials for the 2008 Annual Meeting.

35. EA has stated its opinion that it may legally exclude the Proposal from its proxy materials for the 2008 Annual Meeting in its No Action Request.

36. If EA excludes the Proposal from its Proxy materials, Bebchuk will be denied his legal rights as a stockholder under the 14a-8 town hall rule to inform shareholders about the Proposal through EA's proxy materials for the 2008 Annual Meeting.

37. Plaintiff has no adequate remedy at law and faces imminent and irreparable loss of its rights as a result of EA's belief that it may omit the Proposal from the Company's proxy materials.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment providing the following relief:

A. Declaratory judgment that EA is required to include the Proposal in its 2008 proxy materials in accordance with Section 14(a) of the Securities Exchange Act and Rule 14a-8, 17 C.F.R. §240.14a-8;

B. Injunctive relief compelling EA to include the Proposal in its proxy materials;

C. An order awarding Plaintiff his costs of litigation, including reasonable attorneys' fees, pursuant to the common benefit rule; and

D. Any other relief as the Court deems just and proper.

Dated: April 18, 2008

*[signature: Jay E]*

Jay W. Eisenhofer
Michael J. Barry
GRANT & EISENHOFER, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801
Tel: 302-622-7000
Fax 302-622-7100

*Attorneys for Plaintiff*