UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUCIEN BEBCHUK,

                       Plaintiff,

          -against-

ELECTRONIC ARTS, INC.,

                       Defendant.
------------------------------------------------------------x

**OPINION AND ORDER**
**GRANTING MOTION TO DISMISS**

08 Civ. 3716 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This lawsuit concerns a shareholder's attempt to change the voting process of the corporation he has invested in. Plaintiff, a shareholder of Defendant, submitted a proposal to Defendant in 2008 seeking to amend Defendant's corporate bylaws. The proposal sought to make it easier for future proposals to make it onto the proxy ballot submitted annually to Defendant's shareholders. After Defendant indicated it would exclude this proposal from the ballot, Plaintiff filed suit seeking an injunction that would have required Defendant to include the proposal. I granted Defendant's motion to dismiss on November 12, 2008, on the grounds that Plaintiff's proposal was contrary to the proxy rules. Plaintiff appealed and, while the appeal was pending, the proxy rules were changed. The Court of Appeals, before deciding the appeal, remanded to me with instructions that I evaluate the change. For the reasons stated below, I rule that these amendments do not cause me to change my 2008 order, and I adhere to my decision granting Defendant's motion to dismiss Plaintiff's complaint.

I.    **BACKGROUND**

        Plaintiff is a professor at Harvard Law School whose work focuses on corporate governance. Plaintiff owns more than 2,000 shares of Defendant, a developer and distributor of video games. On February 20, 2008, Plaintiff submitted a shareholder proposal (the "Proposal")

1

to Defendant to be included in Defendant's proxy materials for a vote by Defendant's shareholders. The Proposal, if passed by the shareholders, would have amended Defendant's bylaws and required Defendant's management to allow shareholders to vote on all "Qualified Proposals." Under the Proposal, a submission would generally be considered "qualified" if it a) was made on behalf of shareholders who owned at least 5% of the corporation's shares, b) was valid under the applicable state law, and c) did not deal with the corporation's ordinary business operations. The purpose of the Proposal was to prevent management from blocking shareholder votes on certain issues, and thus make it easier for future shareholder proposals to be included in Defendant's proxy statements. As Plaintiff said in his statement supporting the Proposal: "In my view, when stockholders representing more than 5% of the Corporation's common shares wish to have a vote on a Bylaw amendment proposal satisfying the conditions of a Qualified Proposal, it would be desirable to facilitate such a vote."

On March 26, 2007, Defendant submitted a No-Action Letter to the Securities and Exchange Commission ("SEC") stating its intention to exclude the proposal from its proxy statement. Before the SEC could respond, Plaintiff filed this action on April 18, 2008. Defendant filed a motion to dismiss on May 30, 2008, stating two bases for excluding the proposal: 1) SEC Rule 14a-8(i)(3), which allows exclusions for proposals that are contrary to the proxy rules, and 2) SEC Rule 14a-8(i)(8), which allows exclusions for proposals that relate to a director election. See 17 C.F.R. § 240.14a-8(i). Defendant also argued that the proposal was vague and ambiguous.

On November 12, 2008, I held oral argument on the motion to dismiss. At the conclusion of the argument, I held that Plaintiff's proposal was contrary to the proxy rules. I found that "[t]he purpose of this proposal is to eliminate such discretion on the part of the

directors. . . . [T]he inevitable effect of this proposal is to do away with the careful limitation on the part of 14a-8, to eliminate the discretion of the company, because there will be nobody to exercise it, and to have all of these questions submitted as a matter of law, federal law, to the shareholders." See Nov. 12, 2008 Oral Argument Transcript at 49:5-16. I further found that the elimination of management's discretion directly contradicted Rule 14a-8(i) because that rule grants corporate managers the power to exclude proposals on thirteen different grounds. Cf. New York City Emps.' Ret. Sys. v. S. E. C., 45 F.3d 7, 12-13 (explaining that under the proxy rules, it is a corporation's management which decides whether to include a proposal on the proxy ballot). Accordingly, I dismissed the complaint. A summary order followed to reflect that decision.

Plaintiff appealed. While the appeal was pending, on August 25, 2010, the SEC announced the creation of Rule 14a-11 and an amendment to Rule 14a-8(i)(8). The new Rule 14a-11 required a registered corporation "to include in its proxy statement and form of proxy the name of a person or persons nominated by a shareholder or group of shareholders for election to the board of directors . . . provided that the conditions set forth in paragraph (b) of this section are satisfied." Paragraph(b) specified that the nominating shareholders had to hold at least 3% of the voting shares and must have owned those securities for at least three years. See Facilitating Shareholder Director Nominations, 75 Fed. Reg. 56668, 56782-83 (Sept. 16, 2010). This new rule was adopted to "require, under certain circumstances, a company's proxy materials to provide shareholders with information about, and the ability to vote for, a shareholder's, or group of shareholders', nominees for director." Id. at 56668.

Rule 14a-8(i)(8) was amended to narrow the scope of that subsection. Prior to the amendment, Rule 14a-8(i)(8) was broadly worded in that it allowed a corporation's management to exclude proposals that related to a nomination or an election of directors, or for "a procedure

3

for such nomination or election." See 17 C.F.R. § 240.14a-8 (2007) (allowing exclusion of a "proposal [that] relates to a nomination or an election for membership on the company's board of directors or analogous governing body or a procedure for such nomination or election"). The amendment reduced the breadth of the rule so that management could no longer exclude proposals that related solely to election procedures. The revised rule still allowed some election-related exclusions. Under the revision, a proposal can be excluded if it:

> (i) Would disqualify a nominee who is standing for election; (ii) Would remove a director from office before his or her term expired; (iii) Questions the competence, business judgment, or character of one or more nominees or directors; (iv) Seeks to include a specific individual in the company's proxy materials for election to the board of directors; or (v) Otherwise could affect the outcome of the upcoming election of directors.

See 17 C.F.R. § 240.14a-8.

In light of the fact that Defendant had relied on Rule 14a-8(i)(8) in excluding Plaintiff's Proposal, on September 10, 2010, the Second Circuit remanded the case to me to determine the relevance of the changes to the proxy rules to this case. Prior to briefing this issue, the parties waited to determine if the amended proxy rules would survive a court challenge. On July 22, 2011, the D.C. Circuit struck Rule 14a-11 but left intact the changes to 14a-8(i)(8). See Bus. Roundtable and Chamber of Commerce of the United States of America v. S.E.C., 647 F.3d 1144 (D.C. Cir. 2011).

On September 28, 2012, Defendant moved to dismiss Plaintiff's action on the ground that it was moot. I denied the motion on December 18, 2012, and I ordered the parties to brief the issue at hand: whether the amendment to Rule 14a-8(i)(8) should cause me to reverse my earlier dismissal of the case.

4

## II. DISCUSSION

When I granted Defendant's motion to dismiss on November 12, 2008, I based my ruling, not so much on Rule 14a-8(i)(8), but essentially on Rule 14a-8(i)(3). Thus, any changes to Rule 14a-8(i)(8) are not relevant to my decision. Plaintiff acknowledges this in his brief, stating that "the 2010 Amendments do not impact Prof. Bebchuk's Proposal at all." Pl.'s Memo of Law on Effect of Amendment to Rule 14a-8(i)(8) at 2 (emphasis in original).

In my previous decision, I held that Plaintiff's Proposal violated Rule 14a-8(i)(3). That rule, which has not been amended in the time since my 2008 decision, states that a corporation may exclude a proxy proposal "[i]f the proposal or supporting statement is contrary to any of the Commission's proxy rules." 17 C.F.R. § 240.14a-8(i)(3). In 2008, I found that Plaintiff's Proposal was contrary to the proxy rules because it contradicts the discretion given to a corporation's managers with respect to a shareholder's proposal for a proxy, pursuant to the several subsections of Rule 14a-8(i). That section describes the bases on which a company "may" rely to exclude a proposal. Thus, Rule 14a-8(i)(4) allows managers to exclude proposals that relate to a "personal grievance." Yet if the Proposal were adopted, Defendant's managers would no longer be allowed to exclude a "personal grievance" proposal if the proposal otherwise met the criteria of a "qualified proposal." See Nov. 12, 2008 Oral Argument Transcript at 34:5-12. The Proposal would therefore eliminate management's discretion to set aside personal grievance proposals, directly contrary to the discretion given to management to exclude such proposals. Similarly, Rule 14a-8(i)(13) allows management to exclude proposals in which a shareholder requests a specific amount of dividends. Under Plaintiff's Proposal, such a request would have to be included in a ballot if it was deemed a "qualified proposal."

Plaintiff nevertheless argues that the 2010 changes to the proxy rules show that the logic of my previous decision was incorrect. Plaintiff notes that in explaining these amendments, the SEC wrote that "a shareholder proposal that sought to provide an additional means for including shareholder nominees in the company's proxy materials . . . would not be deemed to conflict with Rule 14a-11 simply because it would establish different eligibility thresholds or require more extensive disclosures . . . than would be required under Rule 14a-11." See Facilitating Shareholder Director Nominations, 75 Fed. Reg. 56668, 56730 n.764 (Sept. 16, 2010). In other words, the SEC viewed Rule 14a-11 as a floor, and companies were allowed to impose upon themselves higher standards than those set out in Rule 14a-11. But Rule 14a-11, which has since been invalidated by the D.C. Circuit, was a completely different rule from Rule 14a-8(i). While the SEC may have viewed Rule 14a-11 as setting out minimum disclosure obligations that could be altered, there is no evidence that the SEC had the same view of 14a-8(i), a provision with different language. There is nothing in the amendments that suggests that the SEC intended to give shareholders the right to eliminate the discretion given to management under the proxy rules.

Plaintiff also resurrects one of his flawed arguments from 2008. Plaintiff notes that the Second Circuit has recognized that "[e]ven if proxy access bylaw proposals were excludable under Rule 14a-8(i)(8), a company could nevertheless decide to include the proposal in its proxy statement." See Am. Fed'n of State, Cnty. & Mun. Emps. v. Am. Int'l Group, Inc., 462 F.3d 121, 130 n.9 (2d Cir. 2006). Under this decision, Plaintiff contends that companies may chose to ignore the exclusions under Rule 14a-8(i). Plaintiff is correct that managers have the discretion to allow proposals covered under Rule 14a-8(i) to proceed to a vote. If they chose, managers may put personal grievance proposals on the proxy ballot, and they may put proposals

that relate to dividends on the ballot as well. But simply because managers may submit these proposals to a vote does not mean that managers must do so.

### III. CONCLUSION

Because the 2010 amendments to the proxy rules are not relevant to my conclusion that Plaintiff's proposal divests corporate management of the discretion given to them under those rules, I adhere to my earlier decision to grant Defendant's motion to dismiss. The clerk shall mark Defendant's motion terminated and the case closed.

SO ORDERED.

Dated:  New York, New York
        April 25, 2013

ALVIN K. HELLERSTEIN
United States District Judge